

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. G. Pharr
County Attorney
Delta County
Cooper, Texas

Dear Sir:                    Opinion No. O-2244
                             Re: Texas Liquor Control Act -
                             Medicinal Permits - Pharmacies.

Your request for opinion has been received and carefully considered by this department. We quote from your letter of request as follows:

"Article 666, Section 15, sub-section 18, reads as follows:

"'(18). Medical Permits. Retail Pharmacists shall be entitled to receive medical permits and sell or dispense liquor for medical purposes only. The holders of such permits are authorized to purchase liquor from holders of wholesaler's permits in this State. Any Pharmacy for which a permit is sought must be a bona fide pharmacy registered with the State Board of Pharmacy; must employ and have on duty at all times a registered pharmacist and must have been in operation as a pharmacy for at least two (2) years in the particular political subdivision in which a permit is sought.' (666, Sec. 15. Subsec. 18, P.C.)

"Your opinion is requested as to the construction of the words, '.....must have been in operation as a pharmacy for at least two (2) years.....'

"The facts upon which this request for opinion is based are as follows:

"About 35 years ago the City Drug Store, a pharmacy, was established in the city of Cooper,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E. G. Pharr, Page 2

Delta County.  It was owned and operated as a
pharmacy by the same man until he sold the
business in January of 1939.  On the 9th day
of March 1939, the City Drug Store was levied
upon by the tax collector of Delta County for
delinquent taxes.  The store was closed on that
date by said tax collector.  On the 22nd day
of March, 1939, the City Drug Store, was sold
at public auction to Delta County and other
taxing units having delinquent taxes against
it.  On April 29, 1939, Delta County and other
taxing units sold said City Drug Store to an
individual purchaser, who, on April 30, 1939 re-
opened the store for business.  The store
(pharmacy) was closed between March 9, 1939
and April 29, 1939, a period of fifty (50)
days.  The keys were in the hands of the tax
collector of Delta County.  The store was not
in operation during those fifty (50) days.

"The City Drug Store as such has been re-
gistered with the State Board of Pharmacy for
many years.  It has been located in Cooper at
least 35 years.  It has been in operation as a
pharmacy all this time with the exception of the
50 days from March 9, 1939 to April 29, 1939.

"Subsection 18 of Section 15 of the Texas
Liquor Control Act states that the pharmacy
must 'have been in operation as a pharmacy for
at least two (2) years' before it shall receive
a medical permit to dispense liquor for medical
purposes.

"Under the above statement of facts, is the
City Drug Store in Cooper entitled to receive
a Medicinal Permit at this time?

"On April 1, 1940 the owner of said City
Drug Store made application to the Texas Liquor
Control Board for a medicinal permit.  As county
attorney of Delta County, it is my privilege to
contest this application under authority of said
Liquor Control Act.

"I am unable to find any authorities on this
question and am unable to find where your department

Honorable E. G. Pharr, Page 8

has ever passed on this question.

"Delta County has heretofore voted 'dry.'
It is our opinion that we should be allowed to
remain dry. We cannot do so with a liquor drug
store in our county. We have none at this time.
It is my opinion that the liquor laws should be
construed so as to accomplish the enforcement of
the wishes of the people. Under the loose regu-
lations which the law imposes on liquor drug
stores, they amount to nothing less than a package
store in a wet area.

"Art. 666 - 2, P.C. reads as follows:

"'This entire act shall be deemed
an exercise of the police power of the
State for the protection of the welfare,
health, peace, temperance, and safety of
the people of the State, and all its
provisions shall be liberally construed
for the accomplishment of that purpose.'

"Many years ago when Delta County voted 'dry',
the voters evidently believed that liquor was detri-
mental to the general welfare, health, peace, tem-
perance, and safety of the people or it would not
have voted so.

"Under the present conditions and circumstances
it appears to me the phrase referred to should be
construed to mean that the pharmacy must have been
in operation as a pharmacy continusly for two years
next preceding the date of the application for the
permit and that the two year period should begin to
run on the date the store reopened for business on
April 29, 1939; that the two year period will not
expire until April 29. 1941."

Article 666, Section 15, sub-section 18, Vernon's
Annotated Texas Penal Code, reads in part as follows:

"(18) Medicinal Permits. Retail Pharmacists
shall be entitled to receive medicinal permits and
sell or dispense liquor for medicinal purposes only.
The holders of such permits are authorized to pur-
chase liquor from holders of wholesaler's permits

Honorable E. G. Pharr, Page 4

in this State.  Any pharmacy for which a permit
is sought must be a bona fide pharmacy register-
ed with the State Board of Pharmacy; must employ
and have on duty at all times a registered pharma-
cist and must have been in operation as a pharmacy
for at least two (2) years in the particular poli-
tical sub-division in which a permit is sought."

Article 4542a, Vernon's Annotated Texas Civil Sta-
tutes, creates the Texas State Board of Pharmacy, provides for
the licensing and registration of pharmacists and regulates
the practice of pharmacy in this State.

Section 19 of Article 4542a, Vernon's Annotated
Texas Civil Statutes, reads as follows:

"A 'pharmacy' or 'drug store' as used in
this Act is any store or place where drugs or
medicines are sold or furnished in any bona
fide manner at retail to the consumer wherein
a registered pharmacist is continuously employ-
ed."

Section 20 of Article 4542a, Vernon's Annotated
Texas Civil Statutes, reads as follows:

"A 'pharmacist' as used in this Act, means
a person licensed by the State Board of Pharmacy,
to prepare, compound and dispense physicians'
prescriptions, drugs and medicines and poisons."

Section 15 of Article 4542a, Vernon's Annotated
Texas Civil Statutes, reads as follows:

"In all stores in which a registered pharma-
cist is continuously employed, and where the pro-
visions of this Act have been fully complied with,
there shall be displayed in a prominent place in
or on the front of said store the word 'Pharmacy.'"

Section 16 of Article 4542a, Vernon's Annotated Texas
Civil Statutes, reads as follows:

"It shall be unlawful for any person to dis-
play in or on any store or place of business the
word 'Pharmacy' either in the English or any foreign
language, unless there is continuously employed

therein a registered pharmacist under the provisions of this Act."

Section 17 of Article 4542a, Revised Civil Statutes of Texas, reads as follows:

"Every person, firm, or corporation desiring to continue operating a retail pharmacy or drug store in this State, as the same is defined herein, and every manufacturer of drugs and medicines as defined herein, after the passage of this Act shall procure from the Board a permit for each store or factory to be operated by making within six (6) months application to the Board upon a form to be furnished by said Board, setting forth under oath ownership and location, and the name, with the certificate number, of the pharmacist registered in this State, or physician, dentist, veterinarian or chiropodist who is to be continuously employed by the pharmacy or drug store or factory, provided that the Board may in its discretion refuse to issue such permit to such applicant unless furnished with satisfactory proof that said applicant is engaged in the business of conducting a pharmacy, drug store, or factory for the purpose of manufacturing drugs; provided further that at any time after the issuance of a permit by the Board to such applicant, the Board may revoke or cancel the permit when satisfactory proof has been presented to such Board that said permit holder is not conducting a bona fide pharmacy or drug store. The permit provided for herein shall be issued annually by the Board upon a receipt of proper application accompanied by a fee of Two Dollars ($2); this permit to be displayed conspicuously at all times in the store or factory of original issue. Every person, firm or corporation desiring to open a new pharmacy, drug store, or factory shall procure the permit before mentioned, before commencing business and the same discretionary powers may be used by the Board in passing upon such application. No more than one store or factory may be operated under one permit. In case of change of personnel of registered pharmacists, the Board shall be notified of such change within ten (10) days; provided that the same pharmacist's name shall not appear on more than one (1) permit."

Opinion No. O-537 of this department holds, among other things, that a pharmacy is not a bona fide pharmacy unless it is registered with the State Board of Pharmacy, and unless it has at all times a registered pharmacist.

This department held on December 14, 1938, in an opinion written by Hon. Joe Sharp, Assistant Attorney General, addressed to Hon. Bert Ford, Administrator, Texas Liquor Control Board, Austin, Texas, that in order to be eligible for a medicinal permit a pharmacy must have been registered with the State Board of Pharmacy for at least two years prior to the filing of its application for a medicinal permit and that in order to be a pharmacy it must have had employed and had on duty a registered pharmacist continuously for the two year period prior to the filing of the application.

Under the facts stated in your letter and under the above authorities the City Drug Store was not a "pharmacy" as that term is defined by law during the fifty-day period between March 9, 1939 and April 29, 1939.

You are, therefore, respectfully advised that it is the opinion of this department that the conclusion reached by you in your letter is eminently correct.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_

Wm. J. Fanning
Assistant

WJF:AW

APPROVED APR 27, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _Burt_
CHAIRMAN